

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL NOLAN, *on behalf of Western Regional Off Track Betting Corporation*,

                        Plaintiff/Relator,

v.

MICHELLE PARMER-GARNER, ET AL.,

                        Defendants.
_____

**DECISION AND ORDER**
21-CV-846S

On July 23, 2021, Plaintiff/Relator Michael Nolan instituted this state *qui tam* action under Section 190 (2) of the New York State Finance Law ("NYS False Claims Act") against Defendants in federal court. Nolan contends that Defendants, each of whom is a director or officer of the Western Regional Off Track Betting Corporation ("WROTBC"), violated the NYS False Claims Act by (1) engaging in the unauthorized expenditure of WROTBC funds to provide health insurance to the WROTBC Board of Directors, (2) causing the WROTBC to expend its funds on benefits meant for a public purpose, but permitting the benefits to be improperly used for a private purpose, and (3) causing the WROTBC to enter into contracts and expend WROTBC funds improperly.

On January 9, 2023, this Court issued an Order requiring Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012) (recognizing the "independent obligation to determine whether federal jurisdiction exists"). Two possible jurisdictional deficiencies were identified. First, this Court noted that Plaintiff's allegations concerning the parties' residences were insufficient to establish

1

citizenship for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332. See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996); Cao v. Landco H&L, Inc., No. 1:20-cv-1180 (ENV) (RML), 2022 WL 3997746, at *1 (E.D.N.Y. Sept. 1, 2022) ("The mere statement of a party's residence is insufficient for a plausible allegation of a party's citizenship."). Second, this Court questioned whether WROTBC's New York citizenship destroyed complete diversity.

In response to the Order, Plaintiff filed the affidavit of Edward P. Yankelunas, Esq. (Docket No. 6.) Therein, Plaintiff admits that his citizenship allegations are deficient (and requests leave to correct them), but argues that complete diversity exists because WROTBC's New York citizenship does not factor into the jurisdictional calculus since it is not considered a party despite its interest in the litigation.

Having considered Plaintiff's submission, this Court will permit Plaintiff to file an amended complaint to correct his citizenship allegations, and it will further allow Plaintiff to proceed with this action based on his colorable showing of proper subject-matter jurisdiction.

Turning then to Plaintiff's pending motion to unseal the complaint and for leave to proceed to service (Docket No. 3), this Court finds that it should be granted given the findings above. The action will be unsealed and proceed to service of the amended complaint.

IT HEREBY IS ORDERED, that Plaintiff's request to file an amended complaint to correct his citizenship allegations is GRANTED. Plaintiff must file an amended complaint within 14 days of the entry date of this decision.

FURTHER, that Plaintiff's Motion to Unseal Complaint and for Leave to Proceed (Docket No. 3) is GRANTED.  The Clerk of Court is DIRECTED to LIFT the seal on this case.

FURTHER, that after filing the amended complaint as directed, Plaintiff may proceed to service.

FURTHER, that this Court makes no findings at this stage concerning Plaintiff's compliance with the requirements of 13 N.Y.C.R.R. § 400.4 (c).

SO ORDERED.

Dated:   February 27, 2023
         Buffalo, New York

                                              _____
                                              WILLIAM M. SKRETNY
                                              United States District Judge