UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————————

MICHAEL NOLAN, on behalf of the
Western Regional Off Track Betting Corporation

        Plaintiff-Relator

v.

MICHELLE PARMER-GARNER,
FRANCIS G. WARHTLING,
DENNIS BASSETT, RICHARD E. HABERER,
PAUL W. LATTIMORE, JR.,
ALLAN HENDRICKSON,
RICHARD E. SIEBERT, THOMAS P. WAMP,
ELLIOT WINTER, EDWARD F. MORGAN,
RONALD B. DARROW, RICHARD L. RICCI,
KEN LAUDERDALE,
RICHARD B. BIANCHI,
HENRY WOTJTASZEK,
SCOTT KIEDROWSKI,
JOHN CLIFFORD,
JAMES FOLEY, BEVERLY A. MAZUR,
MAURICE L. GARNER,
EDWARD J. SOHOSKI, and
JOHN or JANE DOE

        Defendants

———————————————————————————

**AMENDED COMPLAINT**

Civil Action No. 21-cv-846-V

    Plaintiff-Relator Michael Nolan, by his attorneys Tiveron Law, PLLC, for his

Complaint herein, alleges as follows:

### A.    NATURE OF THE CASE

    1.    This is a Qui Tam Civil Action brought pursuant to Section 190(2) of the

New York State Finance Law (the New York State False Claims Act) in which the Plaintiff

is a Relator on behalf of the Western Regional Off Track Betting Corporation ("WROTB")

against the above-named members of the Board of Directors and the President and Chief

Executive Officer of the WROTB with respect to (a) the unauthorized expenditure of WROTB funds to provide health insurance to the WROTB Board of Directors, (b) causing the WROTB to expend its funds on benefits meant for a public purpose, but permitting the benefits to be improperly used for a private purpose, and (c) causing the WROTB to enter into contracts and expend WROTB funds improperly.

## B. PARTIES

2.      Plaintiff-Relator Michael Nolan is a natural person residing at 14979 Horseshoe Trace, Wellington, Florida, and is a citizen of Florida, and was recently employed by the WROTB as Chief Operating Officer.

3.      Defendant Michelle Parmer-Garner is a natural person residing at 31 Pine Park, Buffalo, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

4.      Defendant Francis G. Warhtling is a natural person residing at 346 Willet Road, Buffalo, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

5.      Defendant Dennis Bassett is a natural person residing at 335 Park Avenue, Rochester, New York and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

6.      Defendant Richard E. Haberer is a natural person residing at 2439 Lyndon Road, Franklinville, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

7.     Defendant Paul W. Lattimore, Jr. is a natural person residing at 9 Rockingham Road, Auburn, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

8.     Defendant Allan Hendrickson is a natural person residing at 21 Windsor Place, Jamestown, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

9.     Defendant Richard E. Siebert is a natural person residing at 8585 Seven Springs Road, Batavia, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

10.     Defendant Thomas P. Wamp is a natural person residing at 5332 Ossian Hill Road, Dansville, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

11.     Defendant Elliot Winter is a natural person residing 712 Deerfield Drive, North Tonawanda, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

12.     Defendant Edward F. Morgan is a natural person residing at 3132 Hulberton Road, Holley, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

13.     Defendant Ronald B. Darrow is a natural person residing at 407 State Route 49, Apt. 1, Cleveland, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

14.     Defendant Richard L. Ricci is a natural person residing at 4031 Bonnie Banks Road, Seneca Falls, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

15.     Defendant Ken Lauderdale is a natural person residing at 1844 State Route 89, Savannah, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

16.     Defendant Scott Kiedrowski is a natural person residing at 1253 Bowen Court, North Tonawanda, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

17.     Defendant John Clifford is a natural person residing at 53 S. Main Street, Cohocton, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

18.     Defendant James Foley is a natural person residing at 1691 Maxon Road, Attica, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

19.     Defendant Beverly A. Mazur is a natural person residing at 2026 Abbot Road, Buffalo, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

20.     Defendant Maurice L. Garner is a natural person residing at 64 Meech Avenue, Buffalo, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

21.    Defendant Richard B. Bianchi is a natural person residing at 1678 Edgemere Drive, Rochester, New York, and is a citizen of New York, and at all relevant times herein was the Chairman of the Board of Directors of WROTB.

22.    Defendant Henry Wotjtaszek is a natural person residing at 62 E. Goundry Street, North Tonawanda, New York, and is a citizen of New York, and at all relevant times herein was the President and Chief Executive Officer of WROTB.

23.    Defendant Edward J. Sohoski is a natural person residing at 503 West 2nd Street South, Fulton, New York, and is a citizen of New York, and at all relevant times herein was a member of the Board of Directors of WROTB.

24.    John or Jane Doe are listed above in the caption of this Complaint to designate any members of the Board of Directors of WROTB who share liability for the claims set forth herein who have not yet been identified.

## C.  JURISDICTION

25.    Jurisdiction is in the United States District Court pursuant to 28 U.S.C. §1332 based on diversity of citizenship.

## D.  VENUE

26.    Venue for this action is proper in the Western District of New York pursuant to 28 U.S.C. 1391(b)(2) being the judicial district in which a substantial part of the events giving rise to the claims herein occurred.

## E.  STATEMENT OF FACTS

### 1.  Health Insurance

27.    The WROTB is a public benefit corporation organized and existing under the laws of the State of New York and established pursuant to Article 5 of the New York

State Racing, Para-Mutual Wagering and Breeding Law (the "Racing Law") with its principal offices located at 8315 Park Avenue, Batavia, New York.

28.     As a creature of statute, the compensation for WROTB's Board of Directors is statutorily fixed pursuant Section 502(10) of the Racing Law at $250 for each day or part thereof spent in attendance at board meetings (up to $2,500 annually) and an additional $100 per day for other WROTB business (up to $1,500 annually); the Chairman of the Board is entitled to an additional $1,000 per year.

29.     Under the Racing Law, the directors of the WROTB are entitled to be reimbursed for their actual and necessary expenses incurred during the performance of their official duties, but any expenses incurred by a director in excess of those authorized by statute are the responsibility of the appointing political subdivision.

30.     The WROTB, acting through its Board of Directors, lacks powers not granted to it by express or necessary legislative delegation and the Board of Directors of WROTB has no specific authority to provide health insurance benefits for its own members, nor are directors specifically authorized to participate in an existing health insurance program.

31.     Notwithstanding the foregoing limitations of compensation and lack of statutory authorization, for more than the last ten (10) years, the WROTB has provided expensive, deluxe quality health, dental and vision insurance (collectively "Heath Insurance") to its board members which currently costs the WROTB approximately $500,000 per year.

32.     The expensive Health Insurance provided to the members of the WROTB's Board of Directors by WROTB includes both Health Insurance while the board members

serve on the Board and – for any board member who has served on the Board of Directors for ten (10) years or more – lifetime Health Insurance after the expiration of their services on the WROTB Board of Directors.

## 2. Special Events Tickets

33.     Upon information and belief, each year the WROTB spends in excess of $300,000 of public funds for suites to Buffalo Bills and Sabres games and concerts, golf outings, and other entertainment events ("Special Events Tickets").

34.     The aforementioned expenditures are presumably made to provide an inducement and incentives for high end customers at the Batavia Downs Casino; in fact, most of the aforementioned Special Events Tickets are being used by Defendant Henry Wojtaszek, his family and friends, such as Scott Kiedrowski, the former WROTB board member and current Vice-President of Operations and his family and political allies, and other members of the WROTB Board of Directors.

## 3. Lucrative Politically Connected Contracts

35.     With the consent and awareness of the WROTB Board of Directors, the WROTB has entered into and expended substantial funds on contracts with entities whose owners have close political connections to the WROTB.

36.     In that connection, the WROTB has contracted with Growth Marketing Group of Rochester, New York ("Growth Marketing") for advertising services for Batavia Downs.

37.     Arnie Rottschild, the President and Chief Executive Officer of Growth Marketing is a political consultant active in Republican and Conservative party affairs in Western New York who has close political connections to Defendant Bianchi.

{H3723135.1}                                              7

38.     Upon information and belief, Growth Marketing is one of the WROTB's largest vendors and has been paid $533,162 by WROTB under the referenced contract in 2018 and $601,381 in 2019.

39.     Moreover, in addition to not being the result of competitive bidding, the WROTB-Growth Marketing contract was never approved by the WROTB Board of Directors until after the purely political underpinnings of the contract were brought to the attention of the Federal Bureau of Investigation.

40.     The WROTB's contracts with Richardson Management of Williamsville, New York for lobbying and consulting work and Regency Communications of Lockport, New York for consulting services are additional contracts the WROTB has entered into which have obvious political underpinnings.

41.     Upon information and belief, at the rate of $1,500 to $3,000 per month according to the contract terms, the WROTB paid $126,000 to Richardson Management between 2012 and 2016 for lobbying and consulting work and Regency Communications was paid $73,314 between 2014 and 2017 for consulting services, with monthly billings ranging between $2,500 and $4,995.

42.     Richardson Management's President Rick Winter is the father of Elliott Winter who is the Niagara County representative on the WROTB Board of Directors; the Richardson Management contract was terminated when Elliot Winter joined the WROTB Board of Directors.

43.     Regency Communication's President Glenn Aronov is a former Niagara County Legislator who served on the staff of State Senator George Maziarz.

## CLAIM FOR RELIEF

### Qui Tam Claim
### Under the NYS False Claims Act

44.     The Plaintiff-Relator repeats and realleges "1" through "43" as if fully set forth herein.

45.     As noted above, the members of the Board of Directors of the WROTB are not authorized to obtain and accept the above-described Health Insurance which constitutes a form of compensation in excess of the compensation specifically and expressly permitted by the statute.

46.     Indeed, the Health Insurance improperly purchased on behalf of the members of the Board of Directors for the past several years must be valued in the millions of dollars and the improper acceptance of those benefits necessarily deprived the WROTB's participating counties and cities of substantial funds those public entities would have otherwise received.

47.     The impropriety of the Board of Directors permitting and accepting grossly excessive compensation in the form of the Health insurance is compounded by the fact that the Board of Directors continued to accept the Health Insurance even after the WROTB's own counsel advised the Board of Directors to discontinue acceptance of the Health Insurance on the grounds that it was unauthorized and that the acceptance of same violated the Racing Law and could lead to civil or other liability for the Board of Directors.

48.     In addition to permitting and accepting grossly excessive compensation in the form of unauthorized compensation, the Board of Directors has permitted and caused

the WROTB to use its funds for an improper purpose for an extended period by purchasing Health Insurance to which the Board of Directors are not entitled.

49.     Similarly, by permitting and approving the use of the WROTB funds for the aforesaid improper private use of Special Events Tickets by Defendants Wojtaszek, WROTB employee Scott Kiedrowski and any board members, the Board of Directors has permitted additional excessive compensation as benefits in the form of the Special Events Tickets, and has intentionally permitted and caused the WROTB to use its funds for an improper purpose by purchasing items ostensibly for a public purpose while knowing the items will be used for an improper private purpose.

50.     The WROTB Board of Directors have also allowed WROTB funds to be used improperly by permitting payments to be made to Growth Marketing for an extended period without approving the WROTB's above-described contract with Growth Marketing, and by entering into the aforesaid contracts with Growth Marketing, Richardson Management and Regency Communications based on political considerations rather then purely on financial considerations with a view to an efficient use of public funds.

51.     By permitting the WROTB to expend funds improperly for excessive compensation, as aforesaid, and by permitting and causing the WROTB to use its funds for improper purposes by purchasing the Health Insurance and Special Events Tickets and causing contract payments to be made to Growth Marketing on a contract the Board of Directors had not approved, and by allowing political considerations to be the basis for entering into contracts for which the WROTB spent funds, the Defendants have made false claims for WROTB monies in violation of the False Claims Act.

52.     As the former Chief Operating Officer of the WROTB, the Plaintiff Realtor has direct, first-hand knowledge of the facts set forth herein and, as such, is an original source of the information which has been voluntarily provided and set forth and related in the instant Complaint.

WHEREFORE, the Plaintiff-Relator respectfully requests that the Court enter a Judgement pursuant to the State Finance Law:

(a)     Awarding a civil penalty of not less than $6,000 and not more than $12,000 for each of the Defendants' violations of the False Claims Act;

(b)     Awarding three (3) times the amount of all damages incurred by the WROTB because of the Defendants' violations of the False Claims Act;

(c)     Awarding the Plaintiff-Relator the attorneys fees and expenses incurred in prosecuting this action; and

(d)     Awarding such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

The Plaintiff-Realtor respectfully request a jury trial of all matters so triable.


Dated:     April 14, 2023
           Amherst, New York

                                        TIVERON LAW, PLLC


                                        By: _____
                                        Edward P. Yankelunas, Esq.
                                        *Attorneys for the Plaintiff-Relator*
                                        2410 North Forest Road, Suite 301
                                        Amherst, New York 14068
                                        (716) 636- 7600